UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 26 PM 2:43

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

WALTER BURBO,
Defendant.

Docket No. 2:24-cr-00027

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, WALTER BURBO, agree to the following in regard to the disposition of pending criminal charges.

1. WALTER BURBO agrees to plead guilty to Count Three of the Superseding Indictment charging him with making his residence available for the distribution of fentanyl and cocaine base, in violation of 21 U.S.C. §856(a)(2).

2. WALTER BURBO understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: up to 20 years of imprisonment, pursuant to 21 U.S.C. § 856(b); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583(b)(2); up to a $500,000 fine, pursuant to 21 U.S.C. § 856(b); and a $100 special assessment, pursuant to 18 U.S.C. § 3013.

3. WALTER BURBO agrees to plead guilty because he is, in fact, guilty of the above crime.

4. WALTER BURBO stipulates to, agrees with, and admits the following facts:

   a. Throughout 2023 and at least January 2024, WALTER BURBO was the sole tenant of 230 St. Paul Street, Apartment 414, Burlington, Vermont, in the Decker Towers complex (the "Residence").

1

b. Between in or about September 2023 and in or about January 2024, co-defendant Lamont Hudgins, a resident of New York, stayed at the Residence for the purpose of distributing fentanyl and cocaine base to Burlington residents.

c. WALTER BURBO knew that Hudgins was distributing fentanyl and cocaine base from the Residence during this period and allowed Hudgins to use the Residence as a base of Hudgins's Burlington drug distribution activities.

d. Hudgins engaged in the following drug transactions while staying at the Residence with WALTER BURBO:

   i. On or about September 5, 2023, Hudgins sold approximately 2 grams of fentanyl to a confidential informant in or around a common space on the same floor as the Residence, *i.e.*, the 4th floor of the Decker Towers Apartments complex at 230 St. Paul Street, Burlington, Vermont.

   ii. On or about September 6, 2023, Hudgins sold approximately 2.2 grams of fentanyl to a confidential informant in or around a common space on the same floor as the Residence.

   iii. On or about September 14, 2023, Hudgins made two sales, of approximately 2 grams of fentanyl each, to a confidential informant in or around a common space on the same floor as the Residence.

   iv. On or about September 20, 2023, Hudgins sold approximately 4.4 grams of cocaine base to a confidential informant inside the Residence.

   v. On or about January 24, 2024, Hudgins sold 1.8 grams of fentanyl to a confidential informant inside the Residence.

  e. On at least one occasion, WALTER BURBO executed a drug transaction on behalf of Hudgins. On or about September 20, 2023, Hudgins directed BURBO, via phone, to sell approximately 2.8 grams of cocaine base to a confidential informant inside the Residence, and BURBO did so.

  f. In 2023 and 2024, fentanyl and cocaine base were Schedule II controlled substances under federal law.

  g. Therefore, from in or about September 2023 to in or about January 2024, WALTER BURBO unlawfully and knowingly managed and controlled the Residence as tenant and occupant and knowingly and intentionally made available for use the Residence for the purpose of unlawful distribution of fentanyl and cocaine base, both Schedule II controlled substances, in Burlington, Vermont.

5. WALTER BURBO understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state, or local, and that if on release he will abide by all conditions of release.

6. WALTER BURBO acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there

will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. WALTER BURBO fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. WALTER BURBO fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. WALTER BURBO acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. WALTER BURBO understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous,

those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. Upon demand, WALTER BURBO shall furnish the United States Attorney's Office a personal financial statement and supporting documents relevant to the ability to satisfy any fine or restitution that may be imposed in this case. WALTER BURBO expressly authorizes the United States Attorney's Office to obtain a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the court. If the court orders restitution and/or a fine due and payable immediately, WALTER BURBO agrees that the U.S. Attorney's Office is not precluded from pursuing any other means by which to satisfy his full and immediately enforceable financial obligation. WALTER BURBO understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

10. WALTER BURBO agrees to provide the Clerk's office, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order payable to the Clerk, United States District Court, in payment for the mandatory special assessment of $100 for which he will be responsible when sentenced. He understands and agrees that, if he fails to pay the special assessment in full prior to sentencing, the sentencing recommendation obligations of the United States under this plea agreement will be terminated, and the United States will have the right to recommend that the Court impose any lawful sentence. Under such circumstances, he will have no right to withdraw his plea of guilty.

11. WALTER BURBO is aware that his guilty plea may result in the loss of certain government benefits, including housing subsidies, food stamps, and some Social Security benefits, pursuant to 21 U.S.C. § 862 and § 862a.

12. WALTER BURBO recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. WALTER BURBO nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

13. The United States agrees that in the event that WALTER BURBO fully and completely abides by all conditions of this agreement, the United States will:

   a. move to dismiss the remaining Counts of the Indictment, as to WALTER BURBO, at the time of sentencing;

   b. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4 and for violations of 21 U.S.C. §§ 841(a), 846, or 856(a)(2) between September 2023 and January 2024 committed by him in Burlington, Vermont;

   c. recommend to the sentencing Court that he be sentenced to a term of imprisonment at the low end of the otherwise applicable Sentencing Guidelines range after application of a variance to treat cocaine base as powder cocaine solely for the purpose of determining the base offense level under U.S.S.G. 2D1.1(c);

    d. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

    e. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

14. If the United States determines, in its sole discretion, that WALTER BURBO has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. WALTER BURBO understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

15. It is understood and agreed by the parties that should WALTER BURBO's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. WALTER BURBO also agrees that the statute of limitations for all

uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

16. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state, or local prosecuting authorities.

17. WALTER BURBO expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Mark Oettinger, Esq. WALTER BURBO further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, WALTER BURBO expressly states that he is fully satisfied with the representation provided by his attorney, Mark Oettinger, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

18. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

9/26/2024
Date

By: _____
CORINNE M. SMITH
Assistant U.S. Attorney

9-27-24
Date

_____
WALTER BURBO
Defendant

I have read, fully reviewed and explained this agreement to my client, WALTER BURBO. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

9/26/24
Date

_____
MARK OETTINGER
Counsel for the Defendant

9